STATE EX REL. HARRY BEBERMAN v. DISTRICT COURT
OF HENNEPIN COUNTY AND ANOTHER.[1]

May 16, 1952.

No. 35,785.

*Samuel Dolf* and *M. E. Culhane,* for relator.
*M. H. Frisch* and *O. A. Brecke,* for respondents.

PER CURIAM.

Alternative writ of mandamus directed to the Honorable Harold
N. Rogers, judge of the district court for Hennepin county, to
compel him to grant a restraining order against the entry of a
judgment.

Briefly summarized, the facts are these: On April 12, 1948, one
Frisch entered into an agreement with relator, Harry Beberman,
whereby Frisch was to advance certain sums to relator in return
for security in the nature of quitclaim deeds to two pieces of real-
ty and the assignment of a mortgage on another piece of realty.
The contract contained a clause providing for reconveyance to re-
lator upon his repayment of the sums advanced. Thereafter, re-
lator commenced an action in Hennepin county against Frisch
alleging that the quitclaim deeds were given without actual con-
sideration, even though it was recited; that Frisch had failed to

[1] Reported in 53 N. W. (2d) 465.

perform his duties under the agreement; and praying that the quit-claim deed to one of the pieces of realty be cancelled. At a later date, while relator's action was pending, Frisch commenced an action in Hennepin county against relator and one Hazel Tigerman, as codefendants, asking for an accounting and that an equitable mortgage be declared on the properties deeded. Frisch also asked that such equitable mortgage be foreclosed and a deficiency judgment be rendered against relator for the remaining sum due after the foreclosure sale.

Upon consent of the parties, the two actions were consolidated and referred to a referee, under an order of reference dated December 3, 1951, to investigate all issues of law and fact in both proceedings. The trial before the referee commenced on December 6, 1951, and was completed on December 17, 1951. On January 8, 1952, the referee filed with the clerk of the district court of Hennepin county his report, the exhibits, findings of fact, conclusions of law, and order for judgment, as provided by M. S. A. 546.36. He found in favor of Frisch and Tigerman and against relator. This judgment provided for an equitable mortgage and foreclosure sale, as prayed by Frisch. On petition of relator, the district court of Hennepin county made an order requiring Frisch and the clerk of court to show cause on January 18, 1952, why the clerk should not be restrained from entering judgment. On January 21, 1952, Judge Harold N. Rogers, who had heard the order to show cause, made an order, accompanied by a memorandum, which did not restrain the clerk from entering judgment as prayed' for, but which stayed the entry of judgment for 30 days and left the matter *in statu quo*. It further provided for additional stays, if relator instituted an appeal or motions, in order that such appeal or motions could be perfected. Relator now, by alternative writ of mandamus, seeks to compel the district court for Hennepin county to grant the restraining order.

The only question we need determine is whether a peremptory writ of mandamus should issue. It is our opinion under the facts and circumstances here that it should not.

The order of reference in this case, made December 3, 1951, was prior to the effective date of the new rules of civil procedure.

Under the old statute, § 546.36, there is no requirement that a transcript be furnished by the referee. The statute also provides that the report of the referee shall stand as the decision of the court, upon which judgment may be entered in the same manner as findings of the court. Under Rule 53.05, some further action on the part of the court is required before judgment can be entered. It provides for the filing of the report, after which any party may serve written objections thereto upon the other parties. Application must then be made to the court for action upon the report and the objections. Under paragraph (1) of said rule, it is required that the referee prepare the report and, if required to make findings of fact and conclusions of law, set them forth in the report. Said paragraph then provides:

"* * * He shall file the report with the clerk of the court and in an action to be tried without a jury, *unless otherwise directed by the order of reference,* shall file with it a transcript of the proceedings and of the evidence and the original exhibits." (Italics supplied.)

Had the court ordered this reference under the new rules subsequent to January 1, 1952, the effective date of the rules, it could have provided in the order that it was not necessary to file a transcript of the evidence. Unless the court did so, it would seem that by the language of the rule it is mandatory for the referee to file a transcript with his report.

In view of what appears to be a substantial change in the procedure respecting reference under the new rule from what it was under the old statute, it is our opinion that the order of reference here was made under the statute; therefore, the statute, rather than the rule, governs the rights of the parties. If we were to hold that the statute does not govern by virtue of the fact that the order of reference was made prior to the effective date of the new rules, it would be difficult to justify any holding under which

the rule would not be applicable; and, if that is true, it would follow that it would be mandatory for a transcript to be furnished by the referee and also that judgment should not be entered until some action was taken by the court to adopt the report of the referee. In other words, it would be only under the old statute that judgment might be entered directly upon the findings and conclusions of law of the referee.

Alternative writ discharged.